## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| YOLANDA CHAVEZ, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** 3:16-cv-00388 |
| | § | |
| ALLSTATE TEXAS LLOYD'S, | § | |
| | § | |
| **Defendant.** | § | |

---

### DEFENDANT ALLSTATE TEXAS LLOYD'S NOTICE OF REMOVAL

---

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Allstate Texas Lloyd's in Cause No. 2016DCV2537, pending in the 171st Judicial District Court of El Paso County, Texas, files this Notice of Removal from that court to the United States District Court for the Western District of Texas, El Paso Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

### I.
### FACTUAL BACKGROUND

1.1     On or about July 6, 2016, Plaintiff filed Plaintiff's Original Petition in the matter styled *Yolanda Chavez v. Allstate Texas Lloyd's,* Cause No. 2016DCV2537, pending in the 171st Judicial District Court of El Paso County, Texas, in which Plaintiff made a claim for damages to her home under a homeowner's insurance policy with Allstate Texas Lloyd's.

1.2     Plaintiff served Defendant Allstate Texas Lloyd's ("Allstate") with Plaintiff's Original Petition and process on July19, 2016, by certified mail through its registered agent, CT Corporation System.

---

**NOTICE OF REMOVAL – Page 1**

1.3     Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of State Court Documents that clearly identifies each document and indicates the date the document was filed in state court.  Attached as Exhibit "B" is a copy of the docket sheet and all documents filed in the state court action are attached as Exhibits "B-1" through Exhibit "B-6" as identified on the Index of Documents.

1.4     In early August, the undersigned began removing, as co-counsel, approximately 40 similar cases filed by Plaintiff's counsel also against the same Defendant, Allstate Texas Lloyd's. Prior to this removal, Plaintiff amended her Petition to name an individual former employee of this Defendant.   However, to the extent necessary, Defendant asserts this is improper joinder.

## II.
## BASIS FOR REMOVAL

2.1     Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition.  *See* 28 U.S.C. §1446(b).  This Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

2.2     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A.     THE PARTIES ARE OF DIVERSE CITIZENSHIP.

2.3     Plaintiff is, and was at the time the lawsuit was filed, a natural person and resident of El Paso County in the State of Texas and thus, is a citizen of Texas.  *See* Plaintiff's Original Petition, ¶ 1.  On information and belief, Plaintiff intends to continue residing in Texas and is thus domiciled in Texas.  *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

2.4     Defendant Allstate Texas Lloyd's was, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois and New Jersey.[1]  "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Allstate] is determined . . . solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[2]  The individual underwriters of Allstate Texas Lloyd's and their citizenship are as follows:  1). Donald J. Bailey – New Jersey; 2). Teresa J. Dalenta – Illinois; 3). Kimberley M. Bartos - Illinois; 4). William G. Hill – Illinois; 5). James W. Jonske – Illinois; 6). Katherine A. Mabe – Illinois; 7). Laurie Pellouchoud – Illinois; 8). Richard J. Smith, Jr. – Illinois; 9). Myron E. Stouffer – Illinois; and 10.) Steven C. Verney - Illinois.  Accordingly, Allstate Texas Lloyd's is a citizen of the States of Illinois and New Jersey.  Allstate Texas Lloyd's is not a citizen of the State of Texas.

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.**

2.5     In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages."[3]  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against her insurance company for breach of contract, fraud,

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); *see also Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998).
[2] "Fifth Circuit jurisprudence is equally clear." *See Massey*, 993 F. Supp. at 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997)).

[3] Plaintiffs' policy limits exceed $75,000 and satisfy the jurisdictional amount.

negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insured against her insurance company for actual and punitive damages arising from a claim she made for property damages).

2.6    This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendant is liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendant wrongfully adjusted and denied Plaintiff's claim.

2.7    Plaintiff's demand letter of June 8, 2016 (*See* Exhibit C) states that Plaintiff demands damages of $83,210.96 as well as treble damages "TBD." Plaintiff seeks 18% interest. *See* Plaintiff's Original Petition, ¶ 12.5.   Plaintiff seeks three times actual damages. *See* Plaintiff's Original Petition, ¶¶ 12.4, 18.1. (the "Prayer"). Plaintiff seeks attorney's fees.[4]   *See* Plaintiff's Original Petition, ¶ 12.8.   Plaintiff seeks such compensatory damages, exemplary damages and damages for emotional stress "as may be found." *See* Plaintiff's Original Petition, ¶¶ 12.6, 18.1. Plaintiff seeks to be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, and costs of court.   *See* Plaintiff's Original Petition, ¶ 18.1.   As such, Plaintiff's claim for compensatory, treble and exemplary damages, attorney's fees, penalties, and interest greatly exceeds $75,000.00.

---

[4] Regardless of the amount of actual damages sought, claims for attorney's fees through trial in a case of this nature can be significant. *See State Farm Lloyd's v. Hanson,* No. 14-15-0093-CV (Tex. App. Houston [14th Dist.] June 30, 2016).

2.8     Although one sentence in Plaintiff's Petition alleges that she seeks "monetary relief of $75,000.00" or less in damages, this allegation conflicts with the other demands and allegations set forth above and does not eliminate damages over $75,000.00 from controversy in this case.   Paragraph 13.1 of Plaintiff's Original Petition expressly reserves the right to seek additional damages.   In ¶ 18.1, she seeks "actual damages, treble damages . . . and <u>all</u> punitive and exemplary damages as may be found."

### III.
### <u>THE REMOVAL IS PROCEDURALLY CORRECT</u>

3.1     Defendant Allstate was served with Plaintiff's Original Petition and process on July 19, 2016.   This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the El Paso County District Court, promptly after Defendant files this Notice.

## IV.
## CONCLUSION

4.1    Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Texas Lloyd's hereby removes this case to this Court for trial and determination.

Respectfully submitted,


 /s/ Sean C. White
Sean C. White
State Bar No. 24042149
KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas  79999-2800
Telephone:     (915) 533-4424
Facsimile:      (915) 546-5360
Email: sean.white@kempsmith.com

**ATTORNEYS FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S**


## CERTIFICATE OF SERVICE

This is to certify that on August 25, 2016, a copy of this document was served to all Counsel of Record via electronic file notification and/or certified mail, return receipt requested to:

J. Michael Moore
The Moore Law Firm
4900 North 10th Street
Suite E-2
McAllen, Texas 78504

 /s/ Sean C. White